Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Kelsey L. Kuberka (SBN 321619)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
kkuberka@toddflaw.com
*Attorneys for Plaintiff, and all others similarly situated*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW STEINER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONOS, INC., and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Business Practices Act (*Cal. Bus. & Prof. Code §§ 17200 et seq.*)<br>(2) Violation of California Consumer Legal Remedies Act (*Cal. Civ. Code §§ 1750 et seq.*);<br>(3) Violation of the Computer Fraud and Abuse Act (*18 U.S.C. § 1030, et seq.*);<br>(4) Violation of the California Computer Crime Law (*Cal. Penal Code § 502*);<br>(5) Trespass to Chattels; and<br>(6) Conversion<br><br>**Jury Trial Demanded** |

Plaintiff MATTHEW STEINER ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.      On or around June, 2018, thousands of Sonos CR100 Controllers in homes and small offices across the country failed. These failures resulted from SONOS, INC. implementing a software update that CR100 Controllers purchased

1    prior to June, 2018. The failed Sonos CR100 Controllers displayed an error
2    message that services were unavailable and directed consumers to
3    "www.sonos.com/cr100". Sonos devised and executed its software update as a
4    means of gaining an advantage over its competition in the market by rendering the
5    devices inoperable and forcing consumers to purchase replacement devices. Sonos
6    did not announce its software update would render the Sonos CR100 Controllers
7    inoperable to consumers, and consumers did not anticipate it. With its update,
8    Sonos acted by force to limit consumer choice instead of competing lawfully,
9    based upon the quality and servicing of its devices.

10        2.    Sonos was aware of consumers' reasonable expectation that Sonos
11   CR100 Controllers would continue to operate using current and/or updated
12   software, regardless of the age of functioning hardware. Sonos recognized and
13   reinforced this expectation. Consumers relied on and expected to use functioning
14   hardware. The non-updated devices worked as expected until Sonos' software
15   update. Sonos never disclosed to its customers that it could or would render their
16   devices inoperable.

17        3.    Sonos' unfair methods of competition and deceptive trade practices
18   harmed people who own its CR100 Controllers. Plaintiff seeks an injunction
19   prohibiting Sonos from hijacking their devices again, and appropriate recovery for
20   himself and the other owners of Sonos devices affected by the software update.

21                        **JURISDICTION AND VENUE**

22        4.    This Court has subject matter jurisdiction over this action under the
23   Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (a) at least one
24   member of the Class is a citizen of a state different from Sonos, (b) the amount in
25   controversy exceeds $5,000,000, exclusive of interest and costs, (c) the Class
26   includes more than 100 members, and (d) none of the exceptions under the
27   subsection apply to this action.

28

5.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to Plaintiff's claims occurred here.

**THE PARTIES**

6.     Plaintiff MATTHEW STEINER (hereinafter, "Plaintiff") is a citizen and resident of the State of California, County of Los Angeles.

7.     Defendant Sonos, Inc. (hereinafter, "Defendant") is a Delaware corporation, duly authorized and conducting business in California.

8.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

9.     Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

10.    At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

11.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

CLASS ACTION COMPLAINT

1    names.  Each of the Defendants designated herein as a DOE is legally responsible
2    for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend
3    the Complaint to reflect the true names and capacities of the DOE Defendants
4    when such identities become known.

**INTRADISTRICT ASSIGNMENT**

6          12.    Assignment to the Western Division is proper under Local Rule 23-
7    2.2(f) because a substantial part of the conduct at issue in this case occurred in Los
8    Angeles County.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

10         13.    Prior to June, 2018, Plaintiff purchased two (2) Sonos CR100
11   Controllers. Those devices continued functioning up until June, 2018.

12         14.    On or around June, 2018, his Sonos CR100 Controllers unexpectedly
13   failed; they stopped connecting to personal sound devices.

14         15.    Sonos caused this failure by disabling his CR100 Controllers.

15         16.    Immediately after his devices failed, the screens displayed a message
16   directing him to "www.sonos.com/cr100". A link to a website accompanied this
17   message. He clicked on the link on his device's screen. The link was to an Sonos
18   website stating the device would no longer be supported in future updates.

19         17.    Plaintiff's devices' inoperability caused him to expend time and
20   money.

21         18.    When Plaintiff bought his Sonos CR100 Controllers, he relied on the
22   ability to use the device and software during the lifespan of the devices. Had he
23   known that Sonos would prevent him from doing that, he would not have bought
24   a Sonos CR100 Controller, or he would have paid significantly less for it.

25         19.    Sonos obtains substantial profits from its sales of newer model
26   devices.

27         20.    Because the Class Devices connect to the Internet, Sonos can

4
CLASS ACTION COMPLAINT

1  communicate with Sonos devices after it sells them. One way to communicate with
2  devices is by updating their software.

3       21.    On or around June, 2018, thousands of Class Devices throughout the
4  United States simultaneously failed.

5       22.    But these failures did not result from any problem or error with the
6  hardware in the Class Devices. Despite Sonos' error message, these devices were
7  not damaged.

8       23.    Sonos' deployment of these software "updates" has disrupted the use
9  and enjoyment of consumers' devices, by systematically disabling technology
10  lawfully purchased by consumers. These firmware updates rendered otherwise-
11  functioning products obsolete with the click of a button. These updates harmed
12  consumers, causing consumers to repurchase Sonos products.

13       24.    Sonos purposely caused Class Devices to fail.

14       25.    The failure of Class Devices resulted from code that Sonos wrote and
15  installed on consumers' devices.

16       26.    The purpose of Sonos' update was to disable Sonos Devices
17  purchased prior to June 2016. By doing so, Sonos sought to induce more
18  consumers to buy newer and higher-priced Sonos products.

19       27.    Consumers rely on the representations and advertisements of
20  manufacturers in order to know which products to purchase. Price and features
21  are important and material to consumers at the time they purchase a particular
22  device.

23       28.    Defendant's violations of the law include, but not limited to, the false
24  advertising, marketing, representations, and sale of the falsely advertised Class
25  Products to consumers in California.

26                 **CLASS ACTION ALLEGATIONS**

27       29.    Plaintiff brings this action under Federal Rule of Civil Procedure 23

28

on behalf of the following Class (the "Class"):

> All consumers who purchased, or otherwise own, a
> Sonos CR100 Controller.

30.    As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

31.    Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

32.    Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

33.    The requirements of Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3) are met in this case.

34.    *Numerosity*. Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

35.    *Commonality and Predominance*. No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendant.

36.    Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

37.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

> a. Whether Sonos' acts and practices constitute unfair methods of competition;
>
> b. Whether Sonos engaged in unfair acts or practices in the conduct of trade;

6
CLASS ACTION COMPLAINT

c. Sonos' motives for devising and executing its forced modification of Class Devices;

d. Whether and to what extent Sonos profited both from the initial sale of Class Devices and from the consequences of Sonos' forced modification;

e. Whether Sonos engaged in deceptive business practices in the aftermarket and when forcibly modifying Plaintiff's and Class members' devices;

f. Whether Sonos violated Cal. Bus. & Prof. Code §§ 17200, et seq., Cal. Bus. & Prof. Code §§ 17500, et seq., and Cal. Civ. Code §§ 1750, et seq.;

g. Whether Sonos violated the Consumer Fraud and Abuse Act and the California Computer Crime Law;

h. Whether Sonos' conduct constitutes trespass to chattels and/or conversion;

i. Whether Plaintiffs and Class members are entitled to equitable relief;

j. Whether Sonos' unlawful, unfair, and deceptive practices harmed Plaintiffs and Class members;

k. Whether Sonos' conduct is substantially injurious to owners of its products;

l. The method of calculation and extent of damages for Plaintiffs and Class members; and

m. Whether Plaintiffs and the Class are entitled to restitution and, if so, in what amount.

38. *Typicality.* Plaintiff's claims are typical of the claims of the Class. Plaintiff, like all Class members, purchased Class Devices that Sonos unilaterally

CLASS ACTION COMPLAINT

1    disabled and rendered inoperable. Each Class member's claims arise from the same

2    tortious conduct of Sonos. All Class members were exposed to the same

3    misrepresentations and omissions.

4        39.    *Adequacy*. Plaintiff will fairly and adequately protect the interests of

5    the Class. Plaintiff's interests do not conflict with the interests of Class members,

6    and he has retained counsel experienced in prosecuting class action and consumer

7    protection litigation.

8        40.    In addition to satisfying the prerequisites of Rule 23(a), Plaintiff

9    satisfies the requirements for maintaining a class action under Rule 23(b)(3).

10        41.    *Superiority*. A class action is superior to individual adjudications of

11    this controversy. Litigation is not economically feasible for individual Class

12    members because the amount of monetary relief available to individual plaintiffs

13    is insufficient in the absence of the class action procedure. Separate litigation

14    could yield inconsistent or contradictory judgments, and increase the delay and

15    expense to all parties and the court system. A class action presents fewer

16    management difficulties and provides the benefits of a single adjudication,

17    economy of scale, and comprehensive supervision by a single court. The damage

18    claims of Class members can be readily managed given the uniform claim

19    elements and similar types of harm at issue.

20        42.    Class certification also is appropriate under Rule 23(b)(1) or (b)(2)

21    because:

22               a.      the prosecution of separate actions by individual Class

23                    members would create a risk of inconsistent or varying

24                    adjudications which would establish incompatible standards of

25                    conduct for Sonos;

26               b.      the prosecution of separate actions by individual Class

27                    members would create a risk of adjudication of their rights that,

28

as a practical matter, would be dispositive of the interests of other Class members not parties to such adjudications or would substantially impair or impede other Class members' ability to protect their interests; and

c.   Sonos has acted and refused to act on grounds that apply generally to the Injunctive Relief Class such that final injunctive relief or declaratory relief is warranted with respect to that Class as a whole.

## FIRST CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

43.   Plaintiff incorporates by reference each allegation set forth above.

44.   Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

45.   California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is

9

CLASS ACTION COMPLAINT

substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, criminal, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.   There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.   Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

46.   In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

47.   Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.   Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to forcibly modifying Plaintiff's and Class members' devices.   Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

48.   Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.   Such practices utilized by Defendant rendered Plaintiff and members of the Class's property non-functioning, in order to induce them to spend money on Defendant's Products.   In fact, knowing that Class Products would be rendered non-functioning and thus force Plaintiff and Class Members to purchase newer devices at higher prices, Defendant unfairly profited from their practices.   Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

49.   Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided.   Plaintiff and

class members' Class Devices were functioning prior to Defendant forcibly modifying Plaintiff's and Class members' devices.  Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products were forcibly modified.  As such, Defendant took advantage of Defendant's position to coerce Plaintiff and the Class members to purchase Defendant's newer and more expensive products.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

50.    Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

51.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

52.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

53.    Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiff installed Defendant's "software update" under the basic assumption that their products would continue to function and Defendant would not render these devices non-functioning. Plaintiff's reliance upon Defendant's omission is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

54.   As explained above, Defendant deceived Plaintiff and other Class Members by representing the software changes were "updates" not rendering the Class Products as being non-functioning.

55.   Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

56.   California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

57.   As explained above, Defendant deceived Plaintiff and other Class Members by omitting that the "update" would forcibly modify Plaintiff's and Class members' devices.

58.   Defendant used force and coercion to induce Plaintiff and Class Members to "update" the Class Products, in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq., and the California Computer Crime Law, Cal. Penal Code § 502. Had Defendant not forcibly modifying Plaintiff's and Class members' Class Products, Plaintiff and Class Members' devices would still function. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

59.   These representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*

60.   Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.   Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to

12
CLASS ACTION COMPLAINT

correct its actions.

## SECOND CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750 *et seq.*)

61.  Plaintiff incorporates by reference each allegation set forth above herein.

62.  Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

   a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

   b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);

   c. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

   d. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16);

63.  On or about April 17, 2019, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action

within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant.  Defendant gas not replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## THIRD CAUSE OF ACTION

### Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.

### (On Behalf of the Class)

64. Plaintiff incorporates the above allegations by reference.

65. The Consumer Fraud and Abuse Act ("CFAA") establishes a private cause of action against a person who "knowingly accessed a computer without authorization or exceeding authorized access," and whose prohibited access results in damage or loss in excess of $5,000. 18 U.S.C. § 1030(g) (referencing § 1030(c)(4)(A)(i)(I)); see also § 1030(a).

66. The CFAA establishes liability against whomever:

   a. "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer" (§ 1030(a)(5)(A));

   b. "intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage" (§ 1030(a)(5)(B)); or

   c. "intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss" (§ 1030(a)(5)(C)).

67. The term "computer" means "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or

14
CLASS ACTION COMPLAINT

1    communications facility directly related to or operating in conjunction with such

2    device[.]" 18 U.S.C. § 1030(e)(1).

3         68.    A "protected computer" is defined, in relevant part, as a computer

4    "which is used in or affecting interstate or foreign commerce or communication."

5    18 U.S.C. § 1030(e)(2)(B).

6         69.    "[E]xceeds authorized access" means "access[ing] a computer with

7    authorization and ... us[ing] such access to obtain or alter information in the

8    computer that the accesser is not entitled so to obtain or alter." 18 U.S.C. §

9    1030(e)(6).

10        70.    "Loss" means "any reasonable cost to any victim, including the cost

11   of responding to an offense, conducting a damage assessment, and restoring the

12   data, program, system, or information to its condition prior to the offense, and any

13   revenue lost, cost incurred, or other consequential damages incurred because of

14   interruption of service." 18 U.S.C. § 1030(e)(11).

15        71.    Damage means "any impairment to the integrity or availability of

16   data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).

17        72.    Class Devices are "computers" under the CFAA by virtue of their

18   data processing and communication functions and their operation in conjunction

19   with Plaintiffs' and Class members' laptop or desktop computers.

20        73.    Class Devices are "protected computers" under the CFAA because

21   they are used in and affect interstate and foreign commerce and communication,

22   including through contact and communication with remote servers and through

23   personal and business usages that affect interstate and foreign commerce.

24        74.    Sonos knowingly and intentionally exceeded its authorized access to

25   Plaintiff's and Class members' devices. Plaintiff and Class members did not

26   consent to Sonos' invasive software update.

27        75.    By exceeding its authorized access, Sonos obtained and altered Class

28

1    Devices' information, functions, and data. These communications resulted from a
2    single act in the form of Sonos' activation of its software update.

3          76.   By implementing its software update, Sonos knowingly caused the
4    transmission of "a program, information, code, or command ... to a protected
5    computer" and, as a result of that conduct, intentionally caused damage in
6    violation of 18 U.S.C. § 1030(a)(5)(A).

7          77.   By implementing its software update, Sonos intentionally accessed
8    Class Devices without authorization, and as a result of that conduct, caused or
9    recklessly caused damage or loss to those protected computers, in violation of 18
10   U.S.C. §§ 1030(a)(5)(B) and (a)(5)(C).

11         78.   Sonos' software implementation was a single act by which Sonos
12   intentionally accessed Plaintiff's and Class members' protected computers without
13   authorization and by exceeding authorization. As a direct and proximate result of
14   Sonos' CFAA violations, Sonos caused damages and loss to Plaintiff and Class
15   members during a one-year period that exceed $5,000 in value.

16         79.   Sonos' software implementation caused damage and loss to Plaintiff
17   and Class members, including by disabling Class Devices, eliminating or
18   impairing Plaintiff's and Class members' use of those devices, depriving Plaintiff
19   and Class members of the ability to use their property, causing Plaintiff and Class
20   members to expend money, time, and labor to investigate and try to fix their
21   disabled devices, and decreasing the value of the Class Devices.

22         80.   Based on Sonos' violation of the CFAA, Plaintiff and Class members
23   seek recovery of economic damages and all other relief provided for under 18
24   U.S.C. § 1030(g).

25   ///
26   ///
27   ///
28

16
CLASS ACTION COMPLAINT

# FOURTH CAUSE OF ACTION

## Violation of the California Computer Crime Law, Cal. Penal Code § 502

## (On Behalf of the Class)

81.    Plaintiff incorporates the above allegations by reference.

82.    The California Computer Crime Law prohibits knowing and unauthorized access to computers, computer networks, and computer systems.

83.    Class Devices are "computers" and part of a "computer network" or "computer system" under this statute. While the statute does not define "computer," it defines "computer network" as "any system that provides communications between one or more computer systems and input/output devices, including, but not limited to, display terminals, remote systems, mobile devices, and printers connected by telecommunication facilities." Penal Code § 502(b)(2). "Computer system" is defined, in relevant part, as a "device or collection of devices, including support devices ... one or more of which contain computer programs, electronic instructions, input data, and output data, that performs functions, including, but not limited to, logic, arithmetic, data storage and retrieval, communication, and control." Penal Code § 502(b)(5).

84.    Sonos' software update is a "computer program or software" and "computer contaminant" under Penal Code §§ 502(b)(3) and (12).

85.    Sonos had "access" to Plaintiff's and Class members' computers, computer systems, and computer networks under Penal Code § 502(b)(1) when it implemented its remote software update.

86.    Sonos implemented this software update knowingly and without permission from Plaintiff and Class members.

87.    Through its software update, Sonos obtained and interfered with "data" from Class Devices under Penal Code § 502(b)(8).

88.    Through Sonos' knowing implementation of its software update

without Plaintiff's and Class members' permission, Sonos violated the California Computer Crime Law in at least the following respects:

      a.  In violation of Penal Code §§ 502(c)(1)-(2), Sonos altered and made use of Class Device data to devise and execute a scheme or artifice to defraud, deceive, or extort, and to wrongfully control or obtain money or property. Among other components of this scheme, Sonos' software update caused the Class Devices to display false error messages.

      b.  In violation of Penal Code § 502(c)(3) — (4), Sonos used or caused to be used computer services, and added, altered, and damaged Class Devices' data, programs, or software.

      c.  By implementing its software update and disabling Class Devices, Sonos caused the disruption and denial of computer services to authorized users, such as Plaintiff and Class members, in violation of Penal Code § 502(c)(5).

      d.  Sonos accessed or caused to be accessed Class Devices and introduced thereon a computer contaminate—its invasive firmware update—in violation of Penal Code §§ 502(c)(7)-(8).

89.    As an actual and proximate result of Sonos' conduct in violation of the California Computer Crime Law, Plaintiff and Class members have been damaged in an amount to be determined at trial. Under Penal Code §§ 502(e)(1) and (2), Plaintiff and Class members are entitled to compensatory damages, equitable relief, and reasonable attorneys' fees.

1

## FIFTH CAUSE OF ACTION

### Trespass to Chattels

### (On Behalf of the Class)

90.   Plaintiff incorporates the above allegations by reference.

91.   Plaintiff and Class members owned, possessed, and used, and had a right to possess and use, their Class Devices.

92.   Sonos wrongfully and intentionally interfered with Plaintiff's and Class members' ownership, possession, and use of their Class Devices, by programming, distributing, and remotely activating a software update that disabled Class Devices and rendered those Class Devices unusable.

93.   Sonos' wrongful and intentional interference with Plaintiff's and Class members' ownership, possession, and use of their Class Devices caused damage to Plaintiff and Class members, including by preventing the Class Devices from operating, by impairing the condition of these devices, by reducing the value of these devices, and by depriving Plaintiff and Class members of the use of these devices for a substantial period of time. A reasonable person would be willing to pay significantly less for a Class Device if he or she knew that the device contained or would be updated with software preventing the device from working.

94.   Plaintiff and Class members are entitled to recover the amount by which Sonos' software update harmed their possessory interests in Class Devices.

## SIXTH CAUSE OF ACTION

### CONVERSION

### (On Behalf of the Class)

95.   Plaintiff incorporates the above allegations by reference.

96.    Conversion is any act of dominion wrongfully exerted over another's personal property. There must exist an actual interference with one's ownership or right of possession. *Fisher v. Machado* (1996) 50 Cal.App. 4th 1069,1073, 58

19
CLASS ACTION COMPLAINT

1    Cal.Rptr. 2d 213; *Weiss v. Marcus* (1975) 51 Cal. App. 3d 590,599, 124 Cal.Rptr.
2    297.
3         97.    Conversion is a strict liability tort. *Burlesci v. Petersen* (1998) 68
4    Cal.App. 4th 1062, 1065, 80 Cal.Rptr. 2d 704. Generally, the converted property
5    must be tangible. *Thrifty- Tel, Inc. v. Bezenek* 15 (1996) 46 Cal.App. 4th 1559, 54
6    Cal.Rptr.2d 468. A manual taking of the property is not necessary; it is only
7    necessary that there be an assumption of control or ownership over the property,
8    or that the converter has applied the property to his own use. *Oakdale Village*
9    *Group v. Fong*(1996) 43 Cal. App. 4th 539, 543-544, 50 Cal.Rptr.2d 810.
10        98.    By reason of the aforesaid conduct, Defendant wrongfully exercised
11   dominion and control over Plaintiff's and Class Members' property. Defendant
12   willfully interfered with the use and enjoyment of Plaintiff's and Class Members'
13   property and transferred the same to themselves by virtue of coercing Plaintiff and
14   Class Members to purchase replacement devices from Defendant.
15        99.    As a direct and proximate result of the conversion of Plaintiff's and
16   Class Members' property, Plaintiff and Class Members have sustained general and
17   special damages in an amount according to proof.
18        100.   The conduct of Defendant was despicable, fraudulent, malicious,
19   oppressive and in reckless and/or conscious disregard to the rights of Plaintiff and
20   Class Members, entitling Plaintiff and Class Members to punitive and exemplary
21   damages in an amount sufficient to punish said Defendant and deter similar
22   wrongdoing by others.

**PRAYER FOR RELIEF**

23
24        WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully
25   request that this Court:
26             a.  Certify this case as a class action under Federal Rule of
27                 Civil   Procedure   23,   appoint   Plaintiff   as   Class
28

20
CLASS ACTION COMPLAINT

representative, and appoint the undersigned counsel as Class counsel;

b. Enter injunctive and declaratory relief as appropriate under applicable law;

c. Order restitution or actual damages to Plaintiff and Class members;

d. Award Plaintiff and Class members trebled damages along with pre-and post-judgment interest, as prescribed by law;

e. Award punitive damages, as permitted by law, in an amount to be determined by the jury or the Court;

f. Order Sonos to provide notice to the Class of this action and of the remedies entered by the Court;

g. Award reasonable attorneys' fees and costs as permitted by law; and

h. Enter such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:  May 30, 2019          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: _____

TODD M. FRIEDMAN, ESQ.

Attorney for Plaintiff Matthew Steiner

CLASS ACTION COMPLAINT